UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NANCY MAY J.,[1] <br><br> Petitioner, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2] <br> Respondent. | Case No. 2:20-cv-00486-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Petitioner brought this matter for judicial review of Respondent's denial of her application for supplemental social security income. (Dkt. 1.) The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record (AR). For the reasons set forth below, the Court will affirm the decision of the Commissioner and deny the Petition.

## BACKGROUND

On June 19, 2018, Petitioner protectively filed an application under Title XVI of the Social Security Act for supplemental social security income. The application alleges a

---

[1] Petitioner's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B), and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

MEMORANDUM DECISION AND ORDER 1

disability onset date of January 1, 2016, which later was amended to coincide with the application date of June 19, 2018. (AR 40.) Petitioner's application was denied upon initial review and on reconsideration. (AR 15.) A hearing was conducted on April 6, 2020, before Administrative Law Judge (ALJ) Marie Palachuk. (AR 15.)

After considering testimony from Petitioner, a medical expert, and a vocational expert, the ALJ issued a written decision on April 15, 2020, finding Petitioner has not been under a disability since June 19, 2018. (AR 17, 28.) The Appeals Council denied Petitioner's request for review on August 20, 2020, making the ALJ's decision final. (AR 1-6.) Petitioner timely filed this action seeking judicial review of the ALJ's final decision on October 15, 2020. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time the ALJ issued the written determination, Petitioner was forty-six years of age. (AR 47.) Petitioner has at least a high school education and no past relevant work experience. (AR 27.) Petitioner claims disability due to orthopedic issues, neck surgery, anxiety, depression, agoraphobia, and a learning disability. (AR 324.)

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

MEMORANDUM DECISION AND ORDER 2

Here, at step one, the ALJ found Petitioner had not engaged in substantial gainful activity since the alleged onset date of June 19, 2018. (AR 18.) At step two, the ALJ determined Petitioner suffers from the following medically determinable severe impairments: generalized anxiety disorder; depressive disorder; personality disorder; attention deficit hyperactivity disorder (ADHD); a history of degenerative disc disease of the cervical and lumbar spine; and, a history of osteoarthritis of the hips. (AR 18.) The ALJ further concluded Petitioner's remote history of migraine headaches was not an impairment. At step three, the ALJ determined that, through the date last insured, Petitioner did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 19-21.)

The ALJ next found Petitioner retained the residual functional capacity for light work with some postural and environmental limitations. (AR 21.) The ALJ assessed the following mental limitations:

> claimant is able to understand, remember, and carry out simple, routine repetitive tasks; maintain concentration, persistence, or pace on simple, routine tasks for 2-hour intervals between regularly scheduled breaks; and make simple judgments. She can engage in no fast-paced production rate of pace and can have occasional and superficial interactions with public/co-workers/supervisors, but no over the shoulder supervision.

(AR 21.)[3]

---

[3] Petitioner does not specifically contest the ALJ's decision with regard to her physical impairments and, thus, has waived any challenge to those findings. Accordingly, the Court will discuss only the issues properly raised for review by Petitioner. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.

MEMORANDUM DECISION AND ORDER 3

At step four, the ALJ found Petitioner has no past relevant work. Relying upon testimony from the vocational expert, the ALJ concluded at step five that jobs exist in significant numbers in the national economy that Petitioner can perform given her age, education, work experience, and RFC, such as: garment sorter, mail clerk, and warehouse checker. (AR 27.) The ALJ therefore determined Petitioner is not disabled.

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical source opinion evidence?
2. Whether the ALJ's decision is supported by substantial evidence?

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

---

1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

MEMORANDUM DECISION AND ORDER 4

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

**1.      Medical Source Opinion Evidence**

Petitioner assigns error to the ALJ's consideration of the opinions of Perry Grey, Psy.D., Terry Johnson, M.D., and Jan Rothmeyer, LCPC, as they relate to Petitioner's mental impairments. (Dkt. 15.) Petitioner contends the ALJ failed to provide specific findings supported by clear and convincing reasons to discount these medical treatment providers' opinions. Respondent contends the ALJ properly considered the evidence and explained the bases for her evaluations of the opinions as required by the current regulations applicable here. (Dkt. 17.)

**A.      Legal Standard**

The Commissioner revised the regulations applicable to the evaluation of medical evidence for disability applications filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). These regulations changed how the Commissioner evaluates medical opinions and prior administrative medical findings by eliminating the use of the term "treating source," as well as what is customarily known as the treating source or treating physician rule. *See*

MEMORANDUM DECISION AND ORDER 5

20 C.F.R. § 416.920c(a). Instead, the regulations currently provide that the Commissioner "will not defer or give any specific evidentiary weight…to any medical opinion(s)…including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a).

Under the applicable regulations, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources according to the following factors: supportability; consistency; relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examinations); specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The ALJ's duty to articulate a rational for each factor varies. 20 C.F.R. § 416.920c(a)-(b).

Supportability and consistency are the most important factors and, therefore, the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The supportability factor looks inward at the medical opinion's bases; "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…, the more persuasive the medical opinions…will be." 20 C.F.R. § 416.920c(c)(1). The consistency factor, on the other hand, looks outward, comparing the opinion to the other evidence in the record; "[t]he more consistent a medical opinion(s)…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)…will

MEMORANDUM DECISION AND ORDER 6

be." 20 C.F.R. § 416.920c(c)(2).

The ALJ needs to address only the remaining factors - treatment relationship, specialization, and any other factors - when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b)(2)-(3) (Where "two or more medical opinions…about the same issue are both equally well-supported…and consistent with the record…but are not exactly the same."). The ALJ may address multiple opinions from a single medical source in one analysis. 20 C.F.R. § 416.920c(b)(1) (explaining that "voluminous case records" necessitate source-level articulation).

Because Petitioner's application was filed after March 27, 2017, the application is subject to the revised regulations. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *see, e.g., Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'"). Accordingly, the Court will apply the revised regulations upon its review here.

Under the revised regulations, the ALJ is required to "articulate ... how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. § 416.920c(b). "The 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Carmen Claudia S. v. Saul*, 2021 WL 2920614, at *8 (C.D. Cal. July 9,

MEMORANDUM DECISION AND ORDER 7

2021) (quoting *Robert S. v. Saul*, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021)). "In sum, the Commissioner must explain his [or her] reasoning and specifically address how he considered the supportability and consistency of the opinion, and his [or her] reasoning must be free from legal error and supported by substantial evidence." *Id.* (quoting *Titus L. S. v. Saul*, 2021 WL 275927, at *7 (C.D. Cal. Jan. 26, 2021)) (citations omitted). With these regulations and considerations in mind, the Court will proceed to its analysis.

    **B.    Analysis**

        **1.    Dr. Grey**

Dr. Grey performed a consultative psychological evaluation of Petitioner on March 5 and 6, 2019, and issued a report containing his findings on March 20, 2019. (AR 514.) The report details Dr. Grey's review of the medical records, observations, test results, diagnoses, and treatment recommendations. After summarizing the report, the ALJ found:

> Dr. Grey did not opine specific functional limits. Instead, Dr. Grey recommended therapy, development of a safety plan, and continued medication management (B7F). Dr. Grey's findings are persuasive, but there is no opinion persuasiveness in [his report,] Exhibit B7F.

(AR 26.) Petitioner argues the ALJ erred in concluding Dr. Grey did not opine specific functional limits and by failing to properly consider Dr. Grey's opinions. (Dkt. 15.) Respondent contends Dr. Grey's report did not contain medical opinions and, therefore, the ALJ was not required to discuss it under the persuasiveness factors delineated in 20 C.F.R. § 416.920c. (Dkt. 17.)

MEMORANDUM DECISION AND ORDER 8

The regulations require that "[w]hen a medical source provides one or more medical opinions or prior administrative medical findings, [the Commissioner] will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed. . . ." 20 C.F.R. § 416.920c(a). The ALJ must articulate how they considered medical opinions according to 20 C.F.R. § 416.920c(b).

The regulations define "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. § 416.913(a)(2). Relevant here are the mental impairment-related limitations concerning Petitioner's "ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 416.913(a)(2)(i)(B).

In contrast, the regulations do not expressly require the ALJ to evaluate "objective medical evidence" or "other medical evidence" under the persuasiveness factors in 20 C.F.R. § 416.920c. Objective medical evidence is defined as "medical signs, laboratory findings, or both." 20 C.F.R. § 416.913(a)(1). Whereas, judgments about "the nature and severity of [a claimant's] impairments, [] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis" are all considered "other medical evidence" under the regulations, not medical opinions because they do not provide perspectives about the claimant's functional limitations and abilities. *See* 20 C.F.R. §

MEMORANDUM DECISION AND ORDER 9

416.913(a)(3).

Here, Petitioner argues Dr. Grey's report contains medical opinions that should have been discussed by the ALJ. In particular, Petitioner points to Dr. Grey's conclusion that Petitioner "may qualify for Social Security due to the severity of her mental health issues," Dr. Grey's diagnoses and descriptions of the symptoms associated with the diagnoses, the symptoms reported by Petitioner, and Dr. Grey's finding that the "[t]esting results found a constellation of symptoms." (Dkt. 15); (AR 519.)

The Court has carefully reviewed Dr. Grey's report, including the statements identified by Petitioner. Having done so, the Court finds Dr. Grey did not provide any medical opinions in his report that the ALJ was required to evaluate under the persuasiveness factors in 20 C.F.R. § 416.920c.

Dr. Grey's statement that Petitioner "may qualify for Social Security" is not a medical opinion as defined by the regulations. 20 C.F.R. § 416.913(a)(2). Rather, Dr. Grey's statement constitutes an opinion regarding disability, which is a determination reserved to the Commissioner. *See* 20 C.F.R. 416.920b(c)(3)(i). Thus, the ALJ was not required to provide any analysis of that statement. *See* 20 C.F.R. 416.920b(c)(3)(i).

The other statements in the report identified by Petitioner likewise do not constitute medical opinions requiring the ALJ's further analysis. These include Dr. Grey's statements that: Petitioner has a "relative weakness on processing speed," "[m]easures of attention span and impulse control fell into the impaired range," and "[t]esting results found a constellation of symptoms that suggest a psychotic process including; low processing speed, difficulty concentrating or making decisions, paranoid

MEMORANDUM DECISION AND ORDER 10

ideation, reality testing impairments, mildly disorganized language and inability to bind anxiety when alone." (AR 517, 519.)

These statements are not opinions describing any functional limitations on Petitioner's "ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 416.913(a)(2)(i)(B). Rather, they are Dr. Grey's clinical findings and observations, test results, diagnoses, and treatment recommendations. Dr. Grey's statements and findings contained in the report do not address or assign any specific functional limitations or opine regarding Petitioner's ability to work. Thus, they are not "medical opinions." 20 C.F.R. § 416.913(a)(2).

For instance, Dr. Grey's statements concerning Petitioner's diagnoses and the symptoms generally associated with the diagnoses are objective medical evidence or other medical evidence. *See* 20 C.F.R. 416.913(a)(1), (3). While Dr. Grey provides definitive diagnoses, his general descriptions of the symptoms associated with the diagnoses are not specific to Petitioner and do not assign any particular functional limitations on Petitioner's ability to perform work activities.

Likewise, the test results contained in the report demonstrating Petitioner had some impairments such as low average and borderline cognitive functioning, weak processing speed, and impaired attention span and impulse control, are not opinions. Dr. Grey offered general observations of the test results and Petitioner's cognitive functioning, but did not render any opinions concerning specific functional limitations or

MEMORANDUM DECISION AND ORDER 11

Petitioner's ability to perform the mental demands of work activities in relation to the test results. (AR 517, 519-520.) Dr. Grey therefore did not provide any medical opinions in the report that the ALJ was required to evaluate under the persuasiveness factors in 20 C.F.R. § 416.920c. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (The ALJ found the doctor's descriptions of the claimant's ability to perform in the workplace as "limited" or "fair" were not useful, because they failed to specify the claimant's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.).

Further, Petitioner offers no explanation for how Dr. Grey's discussion of the symptoms generally associated with the mental health diagnoses describe Petitioner's functional limitations or what she can still do. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009) (ALJ not required to credit or reject examining psychologist's recommendations for coping with symptoms when the recommendations do not include opinions as to specific functional limitations). Dr. Grey did not opine as to any specific functional limitations based on Petitioner's reported symptoms or the symptoms generally associated with her diagnoses. Indeed, Dr. Grey found Petitioner's self-reported symptom statements unreliable. (AR 519.)

The ALJ was therefore not required to evaluate Dr. Grey's findings or statements contained in the report under the persuasiveness factors in 20 C.F.R. § 416.920c, because they do not reflect Petitioner's physical or mental limitations or otherwise provide information about her ability to work. *See e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 n.3 (6th Cir. 2009) (noting that the physician's questionnaire responses only

MEMORANDUM DECISION AND ORDER 12

addressed the general relationship between the claimant's condition and potential symptoms and did not address specific extent of claimant's functional limitations); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (deciding that because the physician's report did not assign any specific limitations or opinions regarding the claimant's ability to work, "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions"). The Court finds the ALJ properly considered Dr. Grey's psychological evaluation report as other medical evidence and objective medical evidence.

Even if Dr. Grey's statements constitute medical opinions, Petitioner has not shown Dr. Grey's opinions require any limitation not reasonably incorporated by the ALJ into the RFC. *See Turner*, 613 F.3d at 1223 (ALJ is not required to provide reasoning to reject limitations that are reasonably incorporated into the RFC); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming where ALJ's "assessment is consistent with restrictions identified in the medical testimony").

The RFC restricts Petitioner to: simple, routine, repetitive tasks; maintain concentration, persistence, or pace on simple, routine tasks for 2-hour intervals between regularly scheduled breaks; make simple judgments; no fast-paced production rate of pace; and occasional and superficial interactions with public, co-workers, and supervisors, but no over the shoulder supervision. (AR 21.) Petitioner fails to identify what further restrictions Dr. Grey's report would require and, thus has not demonstrated the ALJ committed harmful error in her consideration of Dr. Grey's report. *See Molina v.*

MEMORANDUM DECISION AND ORDER 13

*Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (an RFC finding need not directly correspond to a specific medical opinions but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician). Because the ALJ assessed RFC limitations consistent with the limitations in Dr. Grey's report, any error in the ALJ's evaluation of Dr. Grey's opinion was harmless.

For these reasons, the Court finds the ALJ's consideration of Dr. Grey's psychological evaluation report is without error. The Court further finds the ALJ's disability determination is supported by substantial evidence.

    2.    **LCPC Rothmeyer**

Rothmeyer completed a mental residual functional capacity assessment dated February 13, 2020. (AR 551-554.) Rothmeyer opined Petitioner had marked limitations in all areas of understanding and memory; marked limitations in six out of the eight areas of sustained concentration and persistence; and moderate to marked limitations in all but one of the areas of social interaction and adaptation. (AR 551-552.) Rothmeyer explained her findings, stating Petitioner's mental impairments cause intrusive thoughts and anxiety that limit her ability to understand, remember, and stay focused; follow instructions; maintain attention and stay on task without interruption; work and interact with others;

MEMORANDUM DECISION AND ORDER 14

and adapt appropriately. (AR 553-554.)

After summarizing Rothmeyer's report, the ALJ found her opinions not persuasive. (AR 26.) For the reasons that follow, the Court finds the ALJ properly evaluated the persuasiveness of Rothmeyer's opinions under 20 C.F.R. § 416.920c, and the ALJ's decision is supported by substantial evidence.

As to supportability, the ALJ concluded Rothmeyer's functional assessment was "completely incongruent" with her own chart notes in Exhibit B9F. (AR 26.) Specifically, the ALJ noted Rothmeyer's findings of mostly marked limitations in the areas of ability to make simple work-related decisions, understand and remember very short and simple instructions, get along with coworkers and accept instructions from supervisors, and respond appropriately to workplace changes, to be converse to Rothmeyer's own treatment records reporting Petitioner "required treatment primarily for situational stresses related to parenting her daughter and financial issues." (AR 26.) The ALJ further found Rothmeyer's opinions inconsistent with the level of functioning described in her treatment notes, discussed throughout the ALJ's decision, showing Petitioner was able to handle many daily activities, engaged in social interactions, follow logical sequential steps, and maintain focus. (AR 20-21, 23, 26.) The ALJ concluded Rothmeyer's statement that it would be "very difficult for the claimant to reason well enough to work" is unsupported by the evidence of record. (AR 26.)

As to consistency, the ALJ found Rothmeyer's statement and opinions inconsistent with the testing completed by Dr. Grey, concluding Petitioner is impaired in just four out of the thirty-five areas assessed. (AR 26.) In contrast, Rothmeyer's opines

MEMORANDUM DECISION AND ORDER 15

that Petitioner is markedly impaired in nearly all areas of mental functioning. The ALJ points specifically to the results from the WAIS-IV test performed by Dr. Grey revealing Petitioner retained a level of functioning consistent with performing simple, routine repetitive tasks consistent with the limitations assigned in the RFC.

Further, the ALJ noted Dr. Grey's finding that Petitioner overreported her symptoms on the MMPI-2, which in turn distorted Petitioner's true social-emotional functioning and made it impossible to interpret the results. (AR 22, 26, 518-519.) The ALJ concluded Rothmeyer's opinions finding mostly-marked limitations were likewise based on Petitioner's unreliable self-reports and were inconsistent with the level of functioning described in her chart notes. (AR 23, 26.)[4]

The Court finds the ALJ did not err in evaluating the persuasiveness of Rothmeyer's opinion. The ALJ accurately summarized the evidence in the record and Rothmeyer's functional assessment, and explained the reasons for concluding Rothmeyer's opinions were unpersuasive based on the supportability and consistency factors. The ALJ's reasoning and conclusions are supported by substantial evidence. The level of impairments contained in Rothmeyer's functional evaluation is inconsistent with her treatment notes and notably more severe than reflected by other evidence in the record. That Petitioner views the records differently is not a basis for remand. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (Where the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they

---

[4] Petitioner does not contest the ALJ's assessment of her symptom statements.

are supported by [substantial evidence in] the record.").

### 3. Dr. Johnson

Dr. Johnson performed a mental residual functional capacity assessment dated April 1, 2020. (AR 576-578.) Dr. Johnson opined Petitioner had three areas of moderate limitations and three areas of marked limitations in her ability to sustain concentration and persistence; some moderate limitations in social interactions, and moderate limitations in her ability to adapt. (AR 576.) Dr. Johnson explained his findings, stating:

> [Petitioner] can present herself well [and] is nicely dressed [and] groomed, but has trouble functioning well. Her ADHD symptoms greatly interfere with getting or keeping jobs – memory trouble or being scattered [and] depression has impaired her motivation – after years of applying for jobs [and] not even getting an interview has resulted in her giving up. Caring for her daughter is her greatest concern [and] takes most of her energy…. Her anxiety has greatly interfered with getting or keeping a job. She struggles with things like transportation. She has trouble organizing, getting out of bed – unable to ride due to "queasiness," panic attacks and thinking that people are "judging" her. She has may severe obstacles to getting or keeping a job.

(AR 578.) After summarizing Dr. Johnson's report, the ALJ concluded:

> Dr. Johnson's opinion is not persuasive because it is completely incongruent with the chart notes in Exhibits B8F and B15F, which document little treatments during the past two years and only mild-to-moderate findings during those visits. Like Ms. Rothmeyer's opinion in Exhibit B10F, Dr. Johnson's opinion is incongruent with the testing completed by Dr. Grey in Exhibit B7F.

(AR 26.) The Court finds the ALJ properly evaluated Dr. Johnson's medical opinion under 20 C.F.R. § 416.920c(b). As to supportability, the ALJ concluded Dr. Johnson's findings are incongruent with his own medical records, namely chart notes and progress notes in Exhibits B8F and B15F, documenting little treatment in the past two years and

MEMORANDUM DECISION AND ORDER 17

only mild-to-moderate symptom findings during the visits. (AR 23, 26.) As to consistency, the ALJ found Dr. Johnson's opinions incongruent with the testing completed by Dr. Grey. (AR 26.) Specifically, the ALJ concluded Dr. Johnson's opinions in the functional capacity assessment are inconsistent with the results of the objective testing completed by Dr. Grey.

While Petitioner views the records differently, there is substantial evidence to support the ALJ's decision. The ALJ discussed Dr. Johnson's clinical findings of mostly mild to moderate limitations contained in his treatment notes earlier in the decision. (AR 23.) The ALJ found the marked functional limitations opined by Dr. Johnson in the functional evaluation were unsupported by and inconsistent with his treatment notes reporting mostly mild to moderate findings. (AR 23, 26.) Further, the ALJ found Dr. Johnson's opinion inconsistent with the results from Dr. Grey's cognitive testing, placing Petitioner in the average to low average range for most areas, and impaired range for only four areas. (AR 517-518, 521-522.)

For these reasons, the Court finds ALJ's evaluation of Dr. Johnson's opinion is free of legal error. The ALJ considered the persuasiveness of the opinion and explained how both the supportability and consistency factors were evaluated. The ALJ's evaluation is reasonable and supported by substantial evidence.

**2.    Substantial Evidence**

Having found the ALJ properly evaluated the medical opinion evidence and the relevant medical records, the Court finds the ALJ's decision is without legal error and is supported by substantial evidence. The ALJ provided a detailed "summary of the facts

MEMORANDUM DECISION AND ORDER 18

and conflicting clinical evidence," explained her interpretation of the record and evidence, and made the requisite findings. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). The ALJ incorporated limitations into the RFC assessment consistent with the medical evidence in the record. That Petitioner views the record differently does not establish reversible error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). For these reasons, the Court will affirm the decision of the Commissioner and dismiss the Petition for Review.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, IT IS HEREBY ORDERED that the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and the petition for review is **DISMISSED**.

DATED: March 8, 2022

_____
Honorable Candy W. Dale
Chief United States Magistrate Judge

MEMORANDUM DECISION AND ORDER 19